UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| SCOTT M. BLAIS,<br><br>        Plaintiff,<br><br>v.<br><br>BANK OF AMERICA, N.A. et al.,<br><br>        Defendants. | Civ. Act. No. 1:13-cv-00006-M-LDA |

## DEFENDANTS' MOTION TO DISMISS

Pursuant to Fed. R. Civ. P. 12(b)(6), defendants Bank of America, N.A. and Federal National Mortgage Association move to dismiss all claims in the Complaint for failure to state a cognizable claim on which relief could be granted.  This Motion is based on the accompanying Memorandum of Points and Authorities.

Respectfully submitted,

/s/ Harris K. Weiner
Harris K. Weiner (#3779)
Salter McGowan Sylvia & Leonard, Inc.
321 South Main Street, Suite 301
Providence, RI  02903
Office:  401-274-0300
Fax:  401-453-0073
hweiner@smsllaw.com

*Attorneys for Defendants Bank of America,
N.A. and Federal National Mortgage
Association*

Dated: February 10, 2014

## CERTIFICATE OF SERVICE

I, Harris K. Weiner, hereby certify that on February 10, 2014, a copy of the foregoing document, filed through the CM/ECF system, will be sent electronically to counsel of record.


/s/ Harris K. Weiner
Harris K. Weiner

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

SCOTT M. BLAIS,

Plaintiff,

v.                                                      Civ. Act. No. 1:13-cv-00006-M-LDA

BANK OF AMERICA, N.A. et al.,

Defendants.

**MEMORANDUM IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS**

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

**FACTUAL AND PROCEDURAL HISTORY** ........................................................2

**ARGUMENT** ..........................................................................................................3

I.  **THE COMPLAINT FAILS TO STATE A CLAIM, AND SHOULD BE DISMISSED, BECAUSE PLAINTIFF STATES NO COGNIZABLE VIOLATION OF RHODE ISLAND FORECLOSURE LAW.** ...................................3

    A.  **The Foreclosure Complied With Rhode Island's Non-Judicial Foreclosure Statutes.** ..............................................................................3

    B.  **Plaintiff's Challenges To The Foreclosure Proceedings Are Meritless.** ...........6

        *1.  Rhode Island Law Authorized BANA To Foreclose.* ............................7

        *2.  The Original Lender Did Not Need To Exercise The Power Of Sale.* ......9

    C.  **The Assignment Of The Mortgage Complied With Rhode Island Law.** ..........9

        *1.  The Assignment Complies With R.I.G.L. § 34-11-1.* ............................9

        *2.  BANA May Appoint Any Persons To Serve As Its Agents.* ..................10

        *3.  Chhun Does Not Save This Case From Dismissal.* ...............................12

    D.  **The Security Instruments Are Valid Under Rhode Island Law.** ....................20

        *1.  The Mortgage Is Valid In Rhode Island.* ...............................................20

        *2.  The Mortgage Is Not Void Under the Recording Statute.* .....................20

        *3.  The Mortgage And the Note Are Not Void Due to Fraud.* ....................21

    E.  **Plaintiff's Miscellaneous Allegations Are Meritless.** .................................22

II.  **THE COURT SHOULD ALSO DISMISS THE COMPLAINT BECAUSE PLAINTIFF FAILED TO ALLEGE TENDER OR OFFER OF TENDER.** .............24

III.  **THE COURT SHOULD DISMISS THE COMPLAINT BECAUSE IT FAILS TO STATE A COGNIZABLE CLAIM FOR RELIEF UNDER RHODE ISLAND LAW.** ...............................................................................26

**CONCLUSION** ....................................................................................................28

i

## TABLE OF AUTHORITIES

**CASES:**                                                                                  **Page**

*140 Reservoir Ave. Assocs. v. Sepe Invests., LLC*,
   941 A.2d 805 (R.I. 2007) .................................................................................6

*Akalarian v. Nation One Mortg. Co., Inc.*,
   2013 WL 3971148 (R.I. Super. July 29, 2013) ..................................................21

*American Airlines, Inc.v. Cardoza-Rodriguez*,
   133 F.3d 111 (1st Cir. 1998) ..........................................................................18

*Arruda v. Sears, Roebuck & Co.*,
   310 F.3d 13 (1st Cir. 2002) ............................................................................22

*BAC Home Loans Servicing, LP v. Fall Oaks Farm, LLC*,
   2013 WL 210729 (S.D. Ohio Jan. 18, 2013) .......................................................19

*Bandoni v. State of Rhode Island*,
   715 A.2d 580 (R.I. 1998) ..............................................................................10

*Beacon Hill Land Co. v. Bowen*,
   82 A. 81 (R.I. 1912) .....................................................................................5

*Beaufort v. Warwick Credit Union*,
   437 A.2d 1375 (R.I. 1981) ..............................................................................5

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007)................................................................................ 25-26

*Berry v. Main Street Bank*,
   2013 WL 5651440 (E.D. Mich. Oct. 15, 2013) ...................................................19

*Bowen v. Johnson*,
   24 A. 830 (R.I. 1892) ...................................................................................16

*Branch Ave Capital, LLC v. U.S. Bank Nat'l Ass'n*,
   2013 WL 5242121 (D. Mass. Sept. 16, 2013) .......................................................6

*Brown v. Bank of America, N.A.*,
   2011 WL 2633150 (D. Nev. July 5, 2011) ..........................................................19

*Bucci v. Lehman Brothers Bank, FSB*,
   68 A.3d 1069 (R.I. 2013) ............................................................................7, 24

*Buck v. American Airlines, Inc.*,
   476 F.3d 29 (1st Cir. 2007) ............................................................................26

*Butler v. Deutsche Bank Trust Co. Americas*,
    2012 WL 3518560 (D. Mass. Aug. 14, 2012) .......................................15

*Cafua v. MERS*,
    2012 WL 2377404 (R.I. Super. Ct. June 20, 2012) ...............................13

*Cagle v. Carlson*,
    705 P.2d 1343 (Ariz. Ct. App. 1985)....................................................25

*Calef v. Citibank, N.A.*,
    2013 WL 653951 (D.N.H. Feb. 21, 2013) .......................................12, 17

*Chhun v. MERS*,
    No. 2012-298-Appeal, 2014 WL 358934 (R.I. Feb. 3, 2014)........................ *passim*

*Cornia v. Countrywide Home Loans, Inc.*,
    2013 WL 5651563 (D. Utah Oct. 16, 2013) .........................................14

*Cosajay v. MERS*,
    2011 U.S. Dist. LEXIS 151361 (D.R.I. June 23, 2011)..........................25

*Crowell v. Parker*,
    46 A. 35 (R.I. 1900) ...............................................................................6

*Culhane v. Aurora Loan Servs.*,
    708 F.3d 282 (1st Cir. 2013) ................................................................17

*Cummings v. Shorey*,
    761 A.2d 680 (R.I. 2000) .....................................................................10

*Dartmouth Review v. Dartmouth College*,
    889 F. 2d 13 (1st Cir. 1989)..................................................................23

*Depasquale Bldg. & Realty Co. v. Rhode Island Bd. of Governors for Higher Educ.*,
    2009 WL 3328533 (R.I. Super. Ct. June 29, 2009) ...............................16

*Deutsche Bank v. Falconer*,
    2012 R.I. Super. LEXIS 90 (R.I. Super. Ct. May 1, 2012)......................6

*Dixon v. Calusa Invs., LLC*,
    554 F. Supp. 2d 139 (D.R.I. 2008).........................................................5

*Doherty v. Bartlett*,
    81 F.2d 920 (1st Cir. 1936)...................................................................18

*Dolan v. Hughes*,
    40 A. 344 (R.I. 1898) ...........................................................................13

*Drane v. Bank of America, N.A.*,
   Slip Op. (N.D. Ga. Dec. 26, 2012) ........................................................................15

*Duncan Shaw Corp. v. Standard Machinery Co.*,
   196 F.2d 147 (1st Cir. 1952) ..................................................................................16

*Elliott v. Mortg. Elec. Registration Sys., Inc.*,
   2013 WL 1820904 (N.D. Cal. Apr. 30, 2013) ........................................................15

*Estrella v. Mortg. Elec. Registration Sys.*,
   2012 R.I. Super. LEXIS 108 (R.I. Super. Ct. Jul. 10, 2012) ..............................6, 27

*Felder v. Countrywide Home Loans*,
   2013 WL 6805843 (S.D. Tex. Dec. 20, 2013) ........................................................17

*Feldman v. BAC Home Loans Servicing, LP*,
   2013 WL 4516098 (Cal. Ct. App. Aug. 22, 2013) ..................................................19

*Fleming v. Hanley*,
   42 A. 520 (R.I. 1899) ..............................................................................................16

*Foley v. Osborne Court Condo.*,
   1999 WL 615736 (R.I. Super. Ct. Jul. 26, 1999) ......................................................3

*Fryzel v. Mortg. Elec. Registration Sys., Inc.*,
   No. 10-352-M, 2011 WL 9210454 (D.R.I. June 10, 2011),
   *aff'd*, 2013 WL 2896794 (1st Cir. June 14, 2013) ................................................24

*Grapentine v. Pawtucket Credit Union*,
   950 F. Supp. 2d 352 (D.R.I. 2013) (McConnell, J.) ..............................................27

*Halacy v. Wells Fargo Bank, N.A.*,
   2013 WL 6152351 (D. Mass. Nov. 21, 2013) ........................................................17

*Hanley v. Brayton*,
   17 A.2d 857 (R.I. 1941) ..........................................................................................24

*Harritos v. Cambio*,
   1996 WL 936906 (R.I. Super. Ct. Mar. 13, 1996), *aff'd*, 683 A.2d 359 (R.I. 1996)..............26

*Heider v. Unicume*,
   20 P.2d 384 (Or. 1933) ............................................................................................16

*Heritage Healthcare Servs., Inc. v. Beacon Mut. Ins. Co.*,
   2004 WL 253547 (R.I. Super. Jan. 21, 2004) ........................................................11

*Hill v. Gonzani*,
   638 F.3d 40 (1st Cir. 2011) ....................................................................................21

*Hoecke v. First Franklin Fin. Corp.*,
   2013 WL 1088825 (R.I. Super. Ct. Mar. 7, 2013) ................................................... 10, 13, 23

*Holden v. Salvadore*,
   964 A.2d 508 (R.I. 2009) ...........................................................................................6

*Homeyer v. Bank of America, N.A.*,
   2012 WL 4105132 (D. Idaho Aug. 27, 2012),
   *adopted*, 2012 WL 4105123 (D. Idaho Sept. 17, 2012)....................................................15, 25

*Horvath v. Bank of N.Y.*,
   641 F. 3d 617 (4th Cir. 2011) ...................................................................................24

*Huff v. Fed. Nat'l Morg. Ass'n*,
   2013 WL 5639486 (E.D. Mich. Oct. 15, 2013) ...........................................................14

*In re Colonial Mortg. Bankers Corp.*,
   324 F.3d 12 (1st Cir. 2003) .......................................................................................2, 5

*In re Marks*,
   2012 WL 6554705 (9th Cir. B.A.P. 2012) ..................................................................14

*In re MERS Litig.*,
   2011 WL 4550189 (D. Ariz. Oct. 3, 2011) .................................................................14

*In re Mortg. Foreclosure Cases*,
   2013 WL 4735638 (D.RI. Sept. 3, 2013) ..............................................................9, 11, 24

*Ingram v. Mortg. Elec. Registration Sys.*,
   2012 R.I. Super. LEXIS 77 (R.I. Super. Ct. May 17, 2012).................................................6, 27

*Jimenez v. People's Choice Home Loan, Inc.*,
   2012 R.I. Super. LEXIS 107 (R.I. Super. Ct. July 10, 2012) ...........................................26

*Kebasso v. BAC Home Loans Servicing, LP*,
   813 F. Supp. 2d 1004 (D. Minn. 2011)........................................................................14

*Kiah v. Aurora Loan Servs., LLC*,
   2011 WL 841282 (D. Mass. Mar. 4, 2011)...................................................................17

*Kosiba v. Mortg. Elec. Registration Sys., Inc.*,
   2012 R.I. Super. LEXIS 98 (R.I. Super. Ct. June 25, 2012).................................................23

*Kriegel v. Mortg. Elec. Registration Sys.*,
   2011 WL 4947398 (R.I. Super. Oct. 13, 2011)..............................................................8

*Kynes v. PNC Mortg.*,
   2013 WL 4718294 (N.D. Ga. Aug. 30, 2013) ...............................................................5

*L.T.F. Financial Servs., Inc. v. Silva*,
   1995 WL 941454 (R.I. Super. Ct. July 20, 1995) ...................................................................6

*Lapre v. Flanders*,
   465 A.2d 214 (R.I. 1983) ...........................................................................................................20

*Livonia Property Holdings, L.L.C. v. 12840-12976 Farmington Road Holdings, L.L.C.*,
   717 F. Supp. 2d 724 (E.D. Mich. 2010), *aff'd*, 399 F. App'x 97 (6th Cir. 2010)....................19

*Maheu v. Bank of America, N.A.*,
   2012 WL 1744536 (D. Md. May 14, 2012)................................................................................14

*McDermott, Inc. v. Lewis*,
   531 A.2d 206 (Del. 1987) ...........................................................................................................11

*McFarland v. Brier*,
   850 A.2d 965 (R.I. 2004) ..............................................................................................................3

*McKendall Land Co., Inc. v. Tudor Arms, Inc.*,
   168 A. 908 (R.I. 1933) ..............................................................................................................3, 5

*McQuiddy v. Ware*,
   87 U.S. 14 (1873)........................................................................................................................25

*Meyer v. City of Newport*,
   844 A.2d 148 (R.I. 2004) ...........................................................................................................26

*Mitchell v. Suntrust Asset Funding, LLC*,
   No. 12-127-M-DLC, Slip Op. (D. Mont. May 7, 2013) ...........................................................14

*Mitchem v. Mortg. Elec. Registration Servs., Inc.*,
   2013 WL 3870038 (N.D. Tex. Jul. 26, 2013) .............................................................................5

*Mruk v. MERS*,
   2013 WL 6685790 (R.I. Dec. 19, 2013) .....................................................................................8

*Natal v. Christian and Missionary Alliance*,
   878 F.2d 1575 (1st Cir. 1989)............................................................................................... 22-23

*Nottage v. Bank of N.Y. Mellon*,
   2012 WL 5305506 (D. Haw. Oct. 25, 2012) ............................................................................15

*Noury v. Deutsche Bank Nat'l Trust Co.*,
   2012 R.I. Super. LEXIS 74 (R.I. Super. Ct. May 7, 2012)...................................................6, 27

*Ockey v. Lehmer*,
   189 P.3d 51 (Utah 2008) ............................................................................................................17

*Orzoff v. Bank of America, N.A.*,
    2011 WL 1539897 (D. Nev. Apr. 22, 2011) ................................................................14

*Pascoag Reservoir & Dam, LLC v. Rhode Island*,
    217 F. Supp. 2d 206 (D.R.I. 2002), *aff'd*, 337 F.3d 87 (1st Cir. 2003) ..................................19

*Patel v. Mortg. Elec. Registration Sys., Inc.*,
    2013 WL 4029277 (N.D. Cal. Aug. 6, 2013) ..........................................................14

*Payette v. Mortg. Elec. Registration Sys.*,
    2011 WL 3794700 (R.I. Super. Aug. 22, 2011) ........................................................8

*Pelletier v. Phoenix Mut. Life Ins. Co.*,
    49 R.I. 135 (R.I. 1938)..................................................................................18

*Peterson v. GMAC Mortg., LLC*,
    2011 WL 5075613 (D. Mass. Oct. 25, 2011)..........................................................14

*Pimentel v. Countrywide Home Loans, Inc.*,
    2011 WL 2619093 (D. Nev. July 1, 2011) ............................................................25

*Porter v. First NLC Fin. Servs., LLC*,
    2011 WL 1251246 (R.I. Super. Ct. Mar. 31, 2011).....................................................8

*Quinn v. McDole*,
    67 A. 327 (R.I. 1907) ..................................................................................5

*Quintero Family Trust v. OneWest Bank, F.S.B.*,
    2010 WL 2618729 (S.D. Cal. June 25, 2010)........................................................12

*Rederford v. U.S. Airways, Inc.*,
    589 F.3d 30 (1st Cir. 2009)..........................................................................2, 5

*Resolution Trust Corp. v. Driscoll*,
    985 F.2d 44 (1st Cir. 1993)...........................................................................23

*Rivac v. Ndex West LLC*,
    2013 WL 6662762 (N.D. Cal. Dec. 17, 2013) ........................................................14

*Rosa v. MERS*,
    821 F. Supp. 2d 423 (D. Mass. 2011) ................................................................13

*Rosano v. MERS*,
    2012 R.I. Super. LEXIS 95 (R.I. Super. Ct. June 19. 2012)............................................27

*Rutter v. MERS*,
    No. 2012-181-Appeal, slip op. at 4 (R.I. Jan. 13, 2014)................................................8

*Sabourin ex rel. Sabourin v. LBC, Inc.*,
    731 F. Supp. 1151 (D.R.I. 1990)..........................................................................16

*Scarcello v. Mortg. Elec. Registration Sys., Inc.*,
    2012 R.I. Super. LEXIS 103 (R.I. Super. Ct. June 26, 2012)............................24, 26

*Schayes v. Orion Financial Group, Inc.*,
    2011 WL 3156303 (D. Ariz. July 27, 2011) ........................................................26

*Schofield v. U.S. Bank N.A.*,
    2012 WL 3011759 (D.R.I. July 23, 2012) (McConnell, J.)....................................21

*Schuck v. Fed. Nat'l Mortg. Ass'n*,
    2011 WL 2580552 (E.D. Cal. June 28, 2011) ......................................................25

*Shaw v. Digital Equip. Corp.*,
    82 F.3d 1194 (1st Cir. 1996).............................................................................2, 5

*Sigaran v. U.S. Bank N.A.*,
    2013 WL 2368336 (S.D. Tex. May 29, 2013) ......................................................19

*Simmons v. Aurora Bank, FSB*,
    2013 WL 5508136 (N.D. Cal. Sept. 30, 2013) ......................................................5

*Simmons v. Columbus Venetian Stevens Buildings, Inc.*,
    155 N.E.2d 372 (Ill. App. Ct. 1958) ...................................................................16

*Smithfield Concerned Citizens for Fair Zoning v. Town of Smithfield By and Through
    Rainville*, 719 F. Supp. 75 (D.R.I. 1989), *aff'd*, 907 F.2d 239 (1st Cir. 1990).......19

*Southwick v. MERS*,
    2013 R.I. Super. LEXIS 61 (R.I. Super. Ct. Apr. 5, 2013)...................................13

*Total Med. Mgmt., Inc. v. U.S.*,
    104 F.3d 1314 (Fed. Cir. 1997)..........................................................................16

*U.S. Bank N.A. v. Crutch*,
    2012 WL 1605595 (E.D.N.Y. May 8, 2012) ......................................................24

*Van Daam v. Chrysler First Fin. Serv. Corp. of R.I.*,
    1990 WL 151385 (1st Cir. Sept. 28, 1990).........................................................27

*Van Reimsdyk v. Kane*,
    28 F. Cas. 1067 (D.R.I. 1813), *rev'd on other grounds*, 13 U.S. 153 (1815).........18

*Vawter v. ReconTrust Co., N.A.*,
    2012 WL 12784 (D. Ariz. Jan. 04, 2012) ...........................................................19

*Wachovia Bank v. Schmidt,*
    546 U.S. 303 (2006)................................................................................. 10-11

*Warren v. Gov't Nat'l Mortg. Ass'n,*
    443 F.2d 624 (8th Cir. 1971) ...........................................................................5

*Wells Fargo Bank, N.A. v. Wasserman,*
    893 F. Supp. 2d 310 (D.R.I. Sept. 28, 2012) .........................................24

*Westerly Hospital v. Higgins,*
    106 R.I. 155 (1969) ..........................................................................................24

*White v. BAC Home Loans Servicing, LP,*
    2010 WL 4352711 (N.D. Tex. Nov. 2, 2010)........................................25

*Xiong v. Bank of America, N.A.,*
    2012 WL 4470274 (D. Minn. Sept. 27, 2012), *aff'd sub nom,*
    *Welk v. Bank of America, N.A.,* 515 Fed. App'x 640 (8th Cir. 2013)......................12

*Yannuzzi v. Com., State Horse Racing Comm'n,*
    390 A.2d 331 (Pa. Cmmw. Ct. 1978) .......................................................15

*Yuille v. Am. Home Mortg. Servs., Inc.,*
    483 F. App'x 132 (6th Cir. 2012) ..............................................................18

**STATUTES:**

28 U.S.C. § 2201................................................................................................26

42 U.S.C. § 1983................................................................................................27

N.C. Gen. Stat. §§ 32A-1- 32A-3 ...............................................................10

N.C. Gen. Stat. § 32A-9(b) ...........................................................................12

R.I. Gen. Laws § 6A-3-205...........................................................................24

R.I. Gen. Laws § 34-4-11...............................................................................20

R.I. Gen. Laws § 34-11-12..............................................................................13

R.I. Gen. Laws § 34-11-22............................................................................3, 4

R.I. Gen. Laws § 34-11-24.............................................................................22

R.I. Gen. Laws § 34-11-34............................................................... 10, 11-12

R.I. Gen. Laws § 34-27-1 ........................................................................................23

R.I. Gen. Laws § 34-27-3.1 ........................................................................................3

R.I. Gen. Laws § 34-27-3.1(a) ..................................................................................4, 5

R.I. Gen. Laws § 34-27-3.1(b) ..................................................................................4, 5

R.I. Gen. Laws § 34-27-4 ........................................................................................3, 5

R.I. Gen. Laws § 34-27-4(a) ........................................................................................4

R.I. Gen. Laws § 34-27-4(b) ....................................................................................4, 5

R.I. Gen. Laws § 34-27-4(c) ........................................................................................5

R.I. Gen. Laws § 34-27-4(d) ........................................................................................5

R. I. Gen. Law § 34-11-1 .....................................................................................9-10, 21

## OTHER AUTHORITIES:

65 Am. Jur. 2d Quieting Title §§ 63 ..........................................................................27

2-5 Corbin on Contracts § 5.20 ................................................................................23

17A Am. Jur. 2d Contracts § 10 ...............................................................................16

6A C.J.S. Assignments § 58 ......................................................................................16

Fed. R. Civ. P. 8(c) ....................................................................................................23

Fed. R. Civ. P. 12(b)(6) .......................................................................................13, 20

Restatement (2nd) of Contracts § 7 ....................................................................15, 16

*Williston on Contracts(Fourth)* §1:20 ......................................................................16

## <u>INTRODUCTION</u>

Plaintiff Scott Blais failed to repay a loan secured by a mortgage on his commercial property, and failed to cure the default.  More than four months after the subject property was foreclosed and sold, he filed this lawsuit, making identically-vague and identically-scattershot allegations as in hundreds of other complaints his counsel filed in this Court.  As explained below, the Complaint here fails to state cognizable claims for relief because the foreclosure proceedings complied fully with Rhode Island foreclosure statutes, Rhode Island case law, and the documents Plaintiff executed when he obtained his loan.

Lacking anything else, Plaintiff will rely on *Chhun v. MERS*, No. 2012-298-Appeal, 2014 WL 358934 (R.I. Feb. 3, 2014), to challenge the execution of the assignment of the subject mortgage and to try and save his lawsuit.  However, *Chhun* does not present dismissal for three reasons that were not briefed in that appeal and which were not discussed in the Court's opinion:

- the Assignment of the mortgage is presumptively valid under Rhode Island law because it was notarized, and the Complaint alleges no facts to overcome that presumption;

- even if not validly executed, the Assignment is not void but only voidable under Rhode Island law – and BANA and Fannie Mae do not wish to void the document; and

- even if not validly executed, the Assignment was ratified after its execution by BANA and Fannie Mae – the only parties to the document, who hereby expressly state that they wish to be bound by the Assignment.

The Court should accordingly dismiss the Complaint with prejudice.

## FACTUAL AND PROCEDURAL HISTORY

In 2006, Plaintiff Scott Blais ("Plaintiff") borrowed $160,000.00 from Bank of America, N.A. ("BANA") to purchase property, signing a promissory note evidencing the loan ("Note") and a mortgage securing the loan ("Mortgage").  Mortgage (Exhibit A hereto); Note (Exhibit B hereto).[1]  As security for the loan, Plaintiff granted a mortgage on property at 1 Orms Street, Pawtucket, Rhode Island  (the "Property").  Mortgage at p. 3.  The Mortgage authorized sale of the mortgaged property in the event of a default under the note.  Paragraph 22 provides:

> Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument. … If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the STATUORY POWER OF SALE and any other remedies permitted by Applicable Law. … If Lender invokes the STATUORY POWER OF SALE, … [upon meeting mailing and publication requirements] the Property shall be sold in the manner prescribed by Applicable Law.  Lender or its designee may purchase the Property at any sale.

On July 27, 2010, BANA assigned the Mortgage to Federal National Mortgage Association ("Fannie Mae").[2]  Assignment of Mortgage (Exhibit C hereto).  The Plaintiff later defaulted on his loan, and BANA authorized the mailing of a notice of default and notice of sale to the borrower and the publishing of the notice of sale as required by Rhode Island law.  45 Day Notice (Exhibit D hereto); Notice of Sale (Exhibit E hereto); Affidavit of Sarah Crocker (Exhibit F hereto).  The Property was sold at foreclosure sale on August 30, 2012 to Fannie Mae.  Foreclosure Deed and Assignment of Bid (Exhibit G hereto).

---

[1]      The Court may take judicial notice of the Mortgage, as well as other matters of public record recorded in the Town of Pawtucket Land Records.  *In re Colonial Mortg. Bankers Corp.*, 324 F.3d 12, 15-16 (1st Cir. 2003).  The Court may also consider documents which Plaintiff relies on, such as the Note, without converting this motion to dismiss into a motion for summary judgment.  *Rederford v. U.S. Airways, Inc.*, 589 F.3d 30, 35 (1st Cir. 2009); *Shaw v. Digital Equip. Corp.*, 82 F.3d 1194, 1220 (1st Cir. 1996).

[2]      Collectively, BANA and Fannie Mae are referred to herein as "Defendants."

Several months after the sale, on January 3, 2013, Plaintiff filed his Complaint.  By order dated January 10, 2014, upon recommendation of the Special Master, the Court removed this case from the Special Master program and lifted the "no-filing" stay.

## ARGUMENT

**I.      THE COMPLAINT FAILS TO STATE A CLAIM, AND SHOULD BE DISMISSED, BECAUSE PLAINTIFF STATES NO COGNIZABLE VIOLATION OF RHODE ISLAND FORECLOSURE LAW.**

The Complaint offers a jumble of allegations attempting to assert a claim to challenge the foreclosure of Plaintiff's former property.  However, the Court should dismiss his Complaint because the foreclosure complied fully with Rhode Island law, and the documents Plaintiff executed when he obtained the loan.[3]

### A.      The Foreclosure Complied With Rhode Island's Non-Judicial Foreclosure Statutes.

The Court should dismiss the Complaint because the foreclosure complied with the requirements of Rhode Island law governing non-judicial foreclosures. The Rhode Island General Assembly has authorized non-judicial foreclosure proceedings as an expeditious way for a lender to secure repayment of a loan when a borrower has defaulted.[4]  The requirements, which are set forth in R.I. Gen. Laws §§ 34-11-22, 34-27-4, and 34-27-3.1, are relatively straightforward.

R.I. Gen. Laws § 34-11-22 provides specific language that parties can include in the language of a mortgage or incorporate by reference, which is statutorily defined as the "statutory power of sale."  If the parties incorporate the statutory power of sale into the mortgage, then

---

[3]     The allegations in the Complaint are vague and scattershot.  Defendants have grouped them together into what they believe are similar claims for the convenience of the Court.

[4]     *McFarland v. Brier*, 850 A.2d 965, 982 (R.I. 2004); *McKendall Land Co., Inc. v. Tudor Arms, Inc.*, 168 A. 908, 908 (R.I. 1933); *Foley v. Osborne Court Condo.*, 1999 WL 615736, at *4 (R.I. Super. Ct. Jul. 26, 1999).

upon default the mortgagee may sell the property by taking the following statutorily-prescribed

steps:

- Mail notice of default to the borrower no less than 45 days before first publishing a notice of foreclosure sale under R.I. Gen. Laws § 34-27-4(a) (*infra*).  The notice must advise the mortgagor of the availability of foreclosure counseling and provide contact information for foreclosure counseling agencies.  *Id.* § 34-27-3.1(a), (b).

- Mail a notice of sale, by certified mail, to the borrower at least thirty days prior to publishing the first notice of sale.  R.I. Gen. Laws §§ 34-11-22; 34-27-4(b);

- Publish the notice of sale at least once each week for three successive weeks in a newspaper circulated locally.  R.I. Gen. Laws §§ 34-11-22; 34-27-4(a).  The first publication must occur at least 21 days before the sale date, and the third publication must occur at least seven (but no more than fourteen) days before the day of sale.  *Id*.

These requirements were complied with here.  Plaintiff's Mortgage contains an

acceleration clause.  To accelerate the debt, the mortgagee must mail a notice of acceleration to

the borrower before accelerating the debt, which must inform the borrower of: (a) the default; (b)

the action required to cure the default; (c) a date by which default must be cured; and (d) that

failure to cure the default may result in acceleration of the [debt] and sale of the Property.  The

notice shall further inform Borrower of the right to reinstate after acceleration and the right to

bring a court action.  *See* Exhibit A ¶ 22.  In Paragraph 22, the Mortgage also expressly invokes

the statutory power of sale contained in R.I. Gen. Laws § 34-11-22:

> If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by [the Mortgage] without further demand and may invoke the STATUORY POWER OF SALE …

Accordingly, BANA sent to Plaintiff a notice of acceleration on January 20, 2012.

Notice of Acceleration (Exhibit H hereto).  The notice complied in all respects with Paragraph 22

of the Mortgage: it notified Plaintiff of the default, reinstatement amount, timeframe to cure the

default, that failure to cure the default would result in acceleration and possible sale, and

informed Plaintiff of his rights to cure to the default and to bring a court action to contest

foreclosure. *Id.*[5]

The foreclosure sale was held on August 30, 2012. Exhibit G hereto. BANA complied with all of the statutory prerequisites to validly invoke the power of sale. BANA mailed a notice of default to Plaintiff on November 23, 2011, in compliance with R.I. Gen. Laws § 34-27-3.1(a) and (b).[6] Exhibit D hereto. Second, on July 2, 2012, Plaintiff was sent a notice of sale as required be R.I. Gen. Laws §§ 34-11-22 and 34-27-4(b). Exhibit E hereto. The notice complied with R.I. Gen. Laws §§ 34-27-4(c), (d) by including disclosures relating to rights of active duty servicemembers in the Notice of Sale. Finally, the sale was advertised in the Pawtucket Times for three successive weeks leading up to the August 30, 2012, foreclosure sale, as required by R.I. Gen. Laws §§ 34-11-22 and 34-27-4(b).[7]

The Court accordingly should dismiss the Complaint.[8]

---

[5]     The Court may take judicial notice of the foreclosure documents discussed above because they were either filed of public record, or are integral to Plaintiff's claim that the foreclosure was not valid under Rhode Island foreclosure statutes but were omitted from the Complaint. *In re Colonial Mortg. Bankers Corp.*, 324 F.3d at 15-16; *Rederford*, 589 F.3d at 35; *Shaw*, 82 F.3d at 1220; *Dixon v. Calusa Invs., LLC*, 554 F. Supp. 2d 139, 141 (D.R.I. 2008); *Warren v. Gov't Nat'l Mortg. Ass'n*, 443 F.2d 624, 625 (8th Cir. 1971); *Simmons v. Aurora Bank, FSB*, 2013 WL 5508136, at *2 (N.D. Cal. Sept. 30, 2013); *Kynes v. PNC Mortg.*, 2013 WL 4718294, at *4 (N.D. Ga. Aug. 30, 2013); *Mitchem v. Mortg. Elec. Registration Servs., Inc.*, 2013 WL 3870038, at *4 (N.D. Tex. Jul. 26, 2013).

[6]     The notice of default was mailed more than 45 days before the first notice of sale was published on August 9, 2012, as required by R.I. Gen. Laws § 34-27-3.1(a) and (b).

[7]     BANA published the notices of sale on August 9, 2012, August 16, 2012, and August 23, 2012. Exhibit F hereto. The publication satisfied the requirements of R.I. Gen. Laws § 34-27-4 because the first publication was made 21 days before the date of the sale and the third publication was made not less than seven days before the date of sale. The foreclosure was conducted in compliance with the statutory power of sale, the Mortgage, and Rhode Island law.

[8]     *See, e.g.*, *Beaufort v. Warwick Credit Union*, 437 A.2d 1375, 1736-37 (R.I. 1981) (affirming trial court decision granting mortgagee's motion to dismiss because mortgagee foreclosed in compliance with power of sale); *McKendall Land Co.*, 168 A. at 908 (upholding foreclosure sale where mortgagee complied with power of sale); *Quinn v. McDole*, 67 A. 327 (R.I. 1907) (invalidating foreclosure sale where mortgagee failed to provide proper notice to mortgagor); *Beacon Hill Land Co. v. Bowen*, 82 A. 81, 82-84 (R.I. 1912) (upholding foreclosure

**B.      Plaintiff's Challenges To The Foreclosure Proceedings Are Meritless.**

Because Plaintiff is challenging a completed foreclosure, he faces an extremely high hurdle under Rhode Island law.[9]  After a sale is completed, Rhode Island law creates a heavy presumption that the foreclosure was correct and proper.[10]  Plaintiff bears the burden of demonstrating that the mortgagee failed to comply with the power of sale.[11]  He may not rely on general allegations but must assert specific failures of compliance in the foreclosure process that support rescission of the sale.[12]

The Complaint does not come close to meeting these heavy burdens.  Instead, Plaintiff makes a series of bald and unconnected legal assertions, which are inconsistent with Rhode Island law, or the documents he allegedly signed, or both.  Complaint ¶¶ 28-30.  This Court should accordingly find that the foreclosure proceedings have complied with Rhode Island law

---

sale where mortgagee complied with power of sale); *Crowell v. Parker*, 46 A. 35, 35-36 (R.I. 1900) (upholding foreclosure sale where publication made in compliance with power of sale); *L.T.F. Financial Servs., Inc. v. Silva*, 1995 WL 941454, at *2 (R.I. Super. Ct. July 20, 1995) (sustaining foreclosure where power of sale properly invoked).

[9]      *140 Reservoir Ave. Assocs. v. Sepe Invests., LLC*, 941 A.2d 805, 811-812 (R.I. 2007) (a foreclosure conducted by statutory power of sale "shall forever be a perpetual bar against the mortgagor"); *Holden v. Salvadore*, 964 A.2d 508, 516 (R.I. 2009) (same); *see also Branch Ave Capital, LLC v. U.S. Bank Nat'l Ass'n*, 2013 WL 5242121, *3-4 (D. Mass. Sept. 16, 2013) (mortgagee must "in bad faith" have failed to provide notice "sufficient to protect the mortgagor's interest under the given circumstances" in a foreclosure sale for the sale to be unreasonable).

[10]      *Ingram v. Mortg. Elec. Registration Sys.*, 2012 R.I. Super. LEXIS 77, at *11-12 (R.I. Super. Ct. May 17, 2012) (purchasing mortgagee is presumed to have valid title after properly-conducted foreclosure sale); *Noury v. Deutsche Bank Nat'l Trust Co.*, 2012 R.I. Super. LEXIS 74, at *9-10 (R.I. Super. Ct. May 7, 2012) (same); *Deutsche Bank v. Falconer*, 2012 R.I. Super. LEXIS 90, at *14-15 (R.I. Super. Ct. May 1, 2012) (same).

[11]      *See* Footnote 10 *supra*.

[12]      *Estrella v. Mortg. Elec. Registration Sys.*, 2012 R.I. Super. LEXIS 108, at *7 (R.I. Super. Ct. Jul. 10, 2012) ("Plaintiff must prove as a matter of law, and to the satisfaction of the Court, that she has a legal right to rescission of the foreclosure sale and the return of title to the Property").

and dismiss the Complaint for failure to state a claim.

### 1.    *Rhode Island Law Authorized BANA To Foreclose.*

As discussed above, BANA assigned its interest as mortgagee to Fannie Mae prior to the

foreclosure sale, and Fannie Mae thereafter foreclosed as mortgagee, as permitted by Rhode

Island law.  Plaintiff challenges Fannie Mae's power to foreclose on two grounds – but the

Rhode Island Supreme Court has rejected both arguments.

### a.    *Bucci* **Held That The Mortgagee's Assignee May Foreclose**.

Plaintiff first claims that Fannie Mae cannot invoke the power of sale because only the

original lender (BANA), may do so.  Complaint ¶¶ 27.  The Rhode Island Supreme Court

rejected this argument in *Bucci v. Lehman Brothers Bank, FSB*, 68 A.3d 1069 (R.I. 2013),

holding that a mortgagee *and its assigns*, acting in a nominee capacity for the noteholder, is

empowered to invoke the power of sale on the noteholder's behalf.  The mortgage in *Bucci* and

the Mortgage at issue here contain substantively similar language explicitly conveying to the

mortgagee and its assigns the power to invoke the power of sale:

> Borrower does hereby mortgage, grant and convey to MERS, (solely as nominee
> for Lender and Lender's successors and assigns) and to the successors and assigns
> of MERS, with Mortgage Covenants upon the Statutory Condition and with the
> Statutory Power of Sale, the [mortgaged] property … .

*Compare Bucci*, 68 A.3d at 1081 *with* Mortgage at p. 3 ("Borrower does hereby

mortgage, grant and convey to Lender, with Mortgage Covenants upon the Statutory

Condition and with the Statutory Power of Sale, the [mortgaged] property").

The *Bucci* Court found that this language demonstrates that MERS, "acting in a nominee

capacity for the owner of the note, can be a 'mortgagee' as that term is used in § 34-11-22," and

as mortgagee, "has the contractual authority to exercise [the right to foreclose]." *Id.* at 1081,

1084.  Indeed, *Bucci* made clear that that the nonjudicial foreclosure process generally—

7

including the right to invoke the power of sale—is contractual. *Id.* Finally, *Bucci* addressed—and explicitly rejected—Plaintiff's argument that only the original lender has authority to foreclose, reasoning that just because the mortgage grants the original lender the ability to invoke the power of sale does not negate the contractual grant of authority to the mortgagee and its assigns to do the same. *See id.* at 1081.

Therefore, Fannie Mae was entitled to foreclose as the valid assignee of the original mortgagee, BANA. And because the assignee of the original mortgagee is permitted to foreclose, the allegations that the Lender did not conduct foreclosure proceedings are irrelevant. *See* Complaint ¶ 28-30.[13] Rhode Island law thus forecloses Plaintiff's allegation that Fannie Mae could not foreclose because only the original lender could do so.[14] Indeed, multiple Rhode Island courts so held before *Bucci* was issued.[15]

> **b.** **A Foreclosing Party Need Not Hold The Note Under Rhode Island Law**.

Plaintiff also claims that Fannie Mae could not invoke the power of sale because it "does not hold the note" and the note is no longer recognized as an "asset or account receivable" of any Defendant. Complaint ¶¶ 47-49. *Bucci* rejected this argument too:

---

[13]    For this same reason, Plaintiffs' allegation that the original lender (BANA) does not hold or have the right to enforce the note is also irrelevant. Complaint ¶ 47.

[14]    The Rhode Island Supreme Court affirmed this legal principle again in *Rutter v. MERS*, No. 2012-181-Appeal, slip op. at 4 (R.I. Jan. 13, 2014) (MERS may assign mortgage, which permits assignee to foreclose); *Mruk v. MERS*, 2013 WL 6685790, at *8 (R.I. Dec. 19, 2013) (rejecting plaintiff's legal argument that "only the lender had the power to exercise the power of sale" because "[t]he mortgage explicitly granted the statutory power of sale to MERS *and to the successors and assigns*" and "[the] subsequent provision [granting lender the power of sale] did not negate the previous language in the [m]ortgage directly granting MERS the right to foreclose") (quotations omitted).

[15]    *See, e.g., Kriegel v. Mortg. Elec. Registration Sys.*, 2011 WL 4947398 (R.I. Super. Oct. 13, 2011); *Payette v. Mortg. Elec. Registration Sys.*, 2011 WL 3794700 (R.I. Super. Aug. 22, 2011); *Porter v. First NLC Fin. Servs., LLC*, 2011 WL 1251246 (R.I. Super. Ct. Mar. 31, 2011); *Bucci*, 2009 WL 3328373.

> "[W]e do not conclude that a foreclosing mortgagee must have physical possession of the mortgage note in order to effect a valid foreclosure.  There is no applicable statutory language suggesting that the Legislature intended to proscribe application of general agency principles in the context of mortgage foreclosure sales.  Accordingly, we interpret [Massachusetts foreclosure law] to permit one who, although not the note holder himself, acts as the authorized agent of the note holder, to stand 'in the shoes' of the 'mortgagee' as the term is used in these provisions." … [W]e interpret the term "mortgagee" in our statutes in a similar fashion as did the Supreme Judicial Court of Massachusetts.

*Id.* at 1086-87 (*quoting Eaton v. Fed. Nat'l Mortg. Ass'n*, 969 N.E.2d 1118, 1131 (Mass. 2012)).

This Court has also recognized that *Bucci* precludes Plaintiff's argument.  *In re Mortg. Foreclosure Cases*, 2013 WL 4735638, at *3 (D.RI. Sept. 3, 2013).  Thus, Plaintiff's allegations that the foreclosing entity did not hold the note fail to state a claim.

### 2.    *The Original Lender Did Not Need To Exercise The Power Of Sale.*

Plaintiff contends that the foreclosure was invalid because BANA —Plaintiff's original lender— was not the entity that invoked the power of sale because it did not provide the Plaintiff with a notice of sale or publish the notice of sale as required by Rhode Island foreclosure law. Complaint ¶ 27.  However, as just discussed in Section B(1), *Bucci* was clear that the entity that exercises the power of sale does not have to be the original lender.  BANA, as mortgagee assigned its interest in the Mortgage to Fannie Mae prior to foreclosure (Exhibit C hereto), which enabled Fannie Mae to foreclose.  Thus, what the original lender did or did not do is irrelevant to the validity of Fannie Mae's foreclosure under Rhode Island law.

### C.    The Assignment Of The Mortgage Complied With Rhode Island Law.

Plaintiff also challenges the assignment by the mortgagee BANA of its legal interest in the Mortgage to Fannie Mae.  Rhode Island law again precludes Plaintiff's arguments.

### 1.    *The Assignment Complies With R.I.G.L. § 34-11-1.*

Plaintiff's claim that the assignment is "void pursuant to R.I.G.L. § 34-11-1" (Complaint ¶ 17) is meritless.  Rhode Island General Law § 34-11-1 provides that "[e]very conveyance of

lands, tenements or hereditament absolutely, by way of mortgage … shall be void unless made in writing duly signed, acknowledged as hereinafter provided, delivered, and recorded in the records of land evidence in the town or city where the lands, tenements or hereditaments are situated." Here, the assignment[16] was signed, notarized, and recorded (Assignment of Mortgage (Exhibit C hereto)), and thus it "therefore is presumptively valid." *Hoecke v. First Franklin Fin. Corp.*, 2013 WL 1088825, at *4 (R.I. Super. Ct. Mar. 7, 2013).[17]

### 2. *BANA May Appoint Any Persons To Serve As Its Agents.*

Plaintiff also claims that the assignment was invalid because it was signed by a person who works for Harmon Law Offices, not for BANA.  Complaint ¶¶ 9-16.  This claim fails because BANA expressly granted power of attorney to the person who executed the  assignment, and recorded that power of attorney in the land records with the assignment.

Any corporation can act only through its agents; in fact, a corporation must appoint agents in order to act.  1 Fletcher Cyc. Corp. § 5.  One way corporations designate an agent for a particular purpose is through granting power of attorney in a particular person.  In Rhode Island and North Carolina, the respective legislatures permit a company to grant the power to execute conveyences and assignments of interests in real estate via designation of power of attorney in an agent.  R.I. Gen. Laws § 34-11-34; N.C. Gen. Stat. §§ 32A-1 through 32A-3; *see also Wachovia*

---

[16]   Plaintiff also claims that BANA never assigned the Mortgage to Fannie Mae at all. Complaint ¶¶ 10, 13.  But the face of the publicly-recorded Assignment of Mortgage belies this claim.  Exhibit C hereto.

[17]   The Court should also dismiss Plaintiff's claim under Section 34-11-1 because the statute simply defines the consequences of not recording and does not provide a private right of action. *Bandoni v. State of Rhode Island*, 715 A.2d 580, 584 (R.I. 1998) (when "statute does not plainly provide for a private cause of action, such a right cannot be inferred"; Rhode Island courts "must exercise our judicial restraint in declining to divine the Legislature's intent"); *Cummings v. Shorey*, 761 A.2d 680, 685 (R.I. 2000) (General Assembly's failure to include civil-action enforcement provision in statute indicated "no private cause of action . . . was intended").

*Bank v. Schmidt,* 546 U.S. 303, 307 (2006) ("a national bank … is a citizen of the State in which

its main office, as set forth in its articles of association, is located").[18]

Here, the assignment from BANA to Fannie Mae was executed by Allison West Dalton,

as Attorney in Fact for BANA; was acknowledged by a notary public; and was recorded in the

land records.  Assignment of Mortgage (Exhibit C hereto).  Plaintiff makes no allegation that

BANA is prohibited from appointing whomever it pleases to execute its assignments via power

of attorney.  As this Court, following the First Circuit in *Culhane*, has explained  in a similar

context:

> With regard to Plaintiffs' argument that an assignment is invalid if signed by an
> unauthorized individual … with a false title …, the First Circuit emphasized in
> *Culhane* that the statute neither places restrictions on who may be elected as an
> officer of the assignor nor imposes special requirements (say, regular
> employment) on who may serve as [an officer] of an assignor corporation.

*In re Mortg. Foreclosure Cases*, 2013 WL 4735638, at *3.  BANA has this capacity as well.

Moreover, the allegations of the Complaint are facially incorrect.  Ms. Dalton did record a

limited power of attorney in the same public records she recorded the assignment of mortgage.

Exhibit C hereto ("For signatory authority see Limited Power of Attorney recorded with Records

of Land Evidence in the City of Pawtucket on 1/26/2010 at 11:35 a.m. at Book 3226, Page 2.").

The power of attorney complied with Rhode Island law requiring its notarization and

recordation.  R.I. Gen. Laws § 34-11-34 ("which power and the deed executed by the attorney

---

[18]     As BANA is a national banking association with its headquarters in North Carolina, and
thus a citizen of North Carolina, North Carolina law governs BANA's appointment of designated
persons, officers, and other internal affairs.  *McDermott, Inc. v. Lewis*, 531 A.2d 206, 216 (Del.
1987) (recognizing internal affairs doctrine); *Heritage Healthcare Servs., Inc. v. Beacon Mut.
Ins. Co.*, 2004 WL 253547, *6 (R.I. Super. Jan. 21, 2004) (citing *Bove v. Comm. Hotel Corp.*,
105 R.I. 36, 42, 249 A.2d 89, 93 (R.I.1969)) ("When considering corporate law issues which
have not been fully developed in" Rhode Island, courts "reach to Delaware for guidance and
support thereon.").

thereunder shall be signed, acknowledged, delivered and recorded").[19]  Plaintiff's claim is

meritless, as multiple courts have recognized before.[20]

### 3.   *Chhun Does Not Save This Case From Dismissal.*

Plaintiff will no doubt cite *Chhun v. MERS*, No. 2012-298-Appeal, 2014 WL 358934

(R.I. Feb. 3, 2014), where the Rhode Island Supreme Court held that a borrower who alleged that

an assignment was not validly executed stated a cognizable claim for relief.  However, the

parties in *Chhun* did not present to the Court in their briefs, and thus the Court had no occasion

to address, three issues of Rhode Island law that apply to Plaintiff's claim and, under the federal

pleading standard that this Court must apply, require dismissal.

### a.   The Assignment Is Notarized, Is Presumed Valid Under Rhode Island Law, And Plaintiff Has Not Overcome The Presumption.

First, the Court should reject any claim by Plaintiff that the Assignment was not validly

executed because it is presumed valid under Rhode Island law, and the Complaint fails to allege

any facts overcoming that presumption.

The signature on the Assignment which Plaintiff challenges was witnessed by a notary

public.  Exhibit C hereto.  And that notarization means that the Assignment is *presumed valid*

under Rhode Island law:

---

[19]   No such public recordation is required under North Carolina law for a corporate power of attorney.  *See* N.C. Gen. Stat. § 32A-9(b) (requiring registration for durable power of attorney with county register of deeds only where the principal has become mentally incapacitated or mentally incompetent), 32A-1 through 32A-3 (containing no such requirement).

[20]   *Xiong v. Bank of America, N.A.*, 2012 WL 4470274, at *2 (D. Minn. Sept. 27, 2012) (dismissing with prejudice "unsupported, 'shot in the dark' allegation" that executor of assignment lacked authority to execute), *aff'd sub nom*, *Welk v. Bank of America, N.A.,* 515 Fed. App'x 640 (8th  Cir. 2013); *Calef v. Citibank, N.A.*, 2013 WL 653951, at *5 (D.N.H. Feb. 21, 2013) (rejecting bare allegations that servicer lacked power of attorney from lender) *Quintero Family Trust v. OneWest Bank, F.S.B.*, 2010 WL 2618729, at *9 (S.D. Cal. June 25, 2010) (dismissing claim alleging that person who signed assignment lacked authority to do so);

> Where an instrument of a private corporation appears in the chain of title, and the instrument is executed and acknowledged in proper form, it may be assumed that the persons executing the instrument were the officers they purported to be, and that such officers were authorized to execute the instrument on behalf of the corporation.

Rhode Island Title Standard No. 5.3 (Exhibit I hereto).[21]  *See Hoecke*, 2013 WL 1088825, at *4 (where "the assignment of the Mortgage interest was executed by an individual who represented to a Notary Public that she was an employee of [mortgagee] and that she was authorized to execute the assignment on behalf of [mortgagee]," the assignment conforms to the statutory form of assignments set forth in § 34-11-12); *Cafua v. MERS*, 2012 WL 2377404 (R.I. Super. Ct. June 20, 2012) ("[A]s a matter of [Rhode Island] law, the assignment is presumptively valid"); *Dolan v. Hughes*, 40 A. 344, 344 (R.I. 1898) ("The presumption of law is in favor of the validity of the assignment and of the good faith of the transactions thereunder, and they must be proved to have been fraudulently made before the court can decide against them.").  *See also Rosa v. MERS*, 821 F. Supp. 2d 423, 430 (D. Mass. 2011) (dismissing foreclosure challenge; assignment valid "if the signatory purported to be an officer of the entity holding title to the mortgage and the assignment was executed before a notary public").

Here, the Complaint fails to state a claim under Rhode Island law because it alleges no facts to rebut the presumption arising from its notarization that the Assignment was validly executed.  It does state in four words that Ms. Dalton, who executed the document, "was a robo-signer" (Complaint ¶ 12), but Plaintiff's counsel has made the same, generic allegation in many other lawsuits challenging foreclosures, and federal courts have held that such generic pleading fails to state a claim under Rule 12(b)(6) standards:

---

[21]    Title Standard No. 5.3 is "persuasive" authority in Rhode Island courts.  *Southwick v. MERS*, 2013 R.I. Super. LEXIS 61, at *11 n.4 (R.I. Super. Ct. Apr. 5, 2013).

13

- *Peterson v. GMAC Mortg., LLC*, 2011 WL 5075613, at *5 (D. Mass. Oct. 25, 2011): "[t]he bare speculative and conclusory assertion that [the MERS corporate officer who executed assignment was] a known robo signer is not entitled to any weight by the court."

- *Rivac v. Ndex West LLC*, 2013 WL 6662762, at *6 (N.D. Cal. Dec. 17, 2013): "plaintiffs have not pled a single fact to support their conclusory allegations that the documents at issue were signed by robo-signers[.] … Thus the allegations of robo-signing cannot support any of plaintiffs' causes of action."

- *Patel v. Mortg. Elec. Registration Sys., Inc.*, 2013 WL 4029277, at *4 (N.D. Cal. Aug. 6, 2013): "Robo-signing allegations must meet a heightened pleading standard because they are based in fraud."

- *Huff v. Fed. Nat'l Morg. Ass'n*, 2013 WL 5639486, at *3 (E.D. Mich. Oct. 15, 2013): "Plaintiff's blanket statement that 'upon information and belief,' he was the victim of mortgage fraud and 'robo-signing' . . . does not satisfy pleading requirements."

- *Kebasso v. BAC Home Loans Servicing, LP*, 813 F. Supp. 2d 1004, 1110-11 (D. Minn. 2011): "the court is not required to accept the 'mere conclusory statements'" that person not authorized to execute assignment.

- *Maheu v. Bank of America, N.A.*, 2012 WL 1744536, at *6 (D. Md. May 14, 2012) (robo-signing allegations "woefully fail[] to state a claim" where they "merely make the general assertion that [someone] 'is a Robo-Signer.'"

- *In re Marks,* 2012 WL 6554705, at *9 (9th Cir. B.A.P. 2012) (rejecting robo-signing allegations; "[d]isparaging terms and unsupported allegations about what might have occurred with respect to the Assignment fail to establish any claim that it is void or that fraud has been perpetrated")

The cases rejecting vague challenges to execution of assignments are legion. Defendants have set forth other additional examples in the margin.[22]

---

[22]     *In re MERS Litig.,* 2011 WL 4550189, at *5 (D. Ariz. Oct. 3, 2011) (vague robo-signing allegations as to MERS assignments were "legal conclusions . . . not supported by sufficient factual pleading"); *Orzoff v. Bank of America, N.A.*, 2011 WL 1539897, at *2 (D. Nev. Apr. 22, 2011) (rejecting generic allegations of robo-signing); *Cornia v. Countrywide Home Loans, Inc.*, 2013 WL 5651563, at *2 (D. Utah Oct. 16, 2013) ("[T]he court cannot decipher any cognizable legal claim based on 'robosigning.'"); *Mitchell v. Suntrust Asset Funding, LLC*, No. 12-127-M-DLC, Slip Op. at 6 (D. Mont. May 7, 2013) (rejecting "Plaintiffs' conclusory allegations of

The parties did not address the notarization issue in their briefs in *Chhun* (Exhibit J hereto), and the Court never discussed the issue in its decision.  As Defendants have shown, it requires dismissal of Plaintiff's claim that the Assignment was not validly executed.

> **b.     A Defective Signature Would Only Render The Assignment *Voidable*, And Defendants Do Not Wish To Void It.**

Plaintiff's challenge also fails for a second reason that was not raised or decided in *Chhun*:  even if it were not properly executed, the Assignment is not void but merely *voidable* under Rhode Island law, and Defendants (the parties to it) do not wish to void the document.

The law treats *void* and *voidable* contracts differently.  A *void* contract is unenforceable by law, and so wholly ineffective regardless of the parties' intentions or actions.  Restatement (2nd) of Contracts § 7, cmt. a (a void contract is "[a] promise for breach of which the law neither gives a remedy nor otherwise recognizes a duty of performance by the promisor").[23]  Void contracts are rarities – such as when the contract is "plainly illegal" in violation of a statute or

---

'robo-signing' and challenges to MERS's authority as nominee to assign a mortgage on behalf of a lender"); *Elliott v. Mortg. Elec. Registration Sys., Inc.*, 2013 WL 1820904, at *2 (N.D. Cal. Apr. 30, 2013) ("[T]here does not appear to be anything about 'robo-signing' the notice of default or the notice of substitution that makes them invalid or ineffective"); *Drane v. Bank of America, N.A.*, Slip Op. at 12-13 (N.D. Ga. Dec. 26, 2012) (Report and Recommendation) (dismissing robo-signing allegations for failure to state a claim; "unsupported, conclusory allegations"); *Nottage v. Bank of N.Y. Mellon*, 2012 WL 5305506, at *6 (D. Haw. Oct. 25, 2012) (Plaintiff's "conclusory assertions of 'robo-signing' fail to state a plausible claim"); *Homeyer v. Bank of America, N.A.*, 2012 WL 4105132, at *8 (D. Idaho Aug. 27, 2012) (Report and Recommendation) (fraud claim failed for lack of particularity where only a "general claim of 'robo-signing'" was made), *adopted*, 2012 WL 4105123 (D. Idaho Sept. 17, 2012); *Butler v. Deutsche Bank Trust Co. Americas*, 2012 WL 3518560, at *9 (D. Mass. Aug. 14, 2012) (plaintiff "fails to explain how the facts alleged are sufficient to demonstrate that any particular requirement necessary for a valid assignment has not been satisfied").

[23]     *Yannuzzi v. Com., State Horse Racing Comm'n*, 390 A.2d 331, 332 (Pa. Cmmw. Ct. 1978) ("The term "void" is properly applied to those contracts that are of no effect whatsoever, whereas a "voidable" contract can be cured by the act or confirmation of one of the parties.") (citing Black's Law Dictionary 1745 (rev'd 4th ed. 1968)).

regulation,[24] or "a contract to commit a crime."[25]  But "courts are reluctant to restrict the freedom of citizens to make their own agreements; declaring a contract void and unenforceable is a power the courts therefore exercise sparingly."  *Williston on Contracts (Fourth)* §1:20.

By contrast, "[a] ***voidable*** contract is one under which a party, usually a victim of some wrong by another party, may elect to avoid any legal obligations."  *Id.* (emphasis added); *see also* 6A C.J.S. Assignments § 58 (the "injured party" may opt to escape a voidable contract).  Unless the injured party chooses to avoid the contract, it is valid.  Restatement (2nd) of Contracts § 7, cmt. 3 ("[t]he propriety of calling a transaction a voidable contract rests primarily on the traditional view that the transaction is valid and has its usual legal consequences until the power of avoidance is exercised"); 17A Am. Jur. 2d Contracts § 10 ("a voidable contract is valid and binding until it is avoided by the party who is entitled to avoid it").[26]  Rhode Island law has long observed the difference between void and voidable contracts.[27]

Contracts entered into by an agent beyond his permissible scope of authority fall into the

---

[24]     *Total Med. Mgmt., Inc. v. U.S.*, 104 F.3d 1314 (Fed. Cir. 1997).

[25]     *Simmons v. Columbus Venetian Stevens Buildings, Inc.*, 155 N.E.2d 372, 379 (Ill. App. Ct. 1958).

[26]     *Heider v. Unicume*, 20 P.2d 384, 386 (Or. 1933) ("[V]oidable contracts [are] valid until … avoided by the person entitled to avoid it.").

[27]      *Duncan Shaw Corp. v. Standard Machinery Co.*, 196 F.2d 147, 152, 154 (1st Cir. 1952) (under Rhode Island law contract executed on behalf of a corporation without proper procedural authority was not "an absolute nullity" but rather voidable at the parties' option); *Fleming v. Hanley*, 42 A. 520, 521 (R.I. 1899) ("[E]ven assuming that the alleged misrepresentations were proved, the contract was not thereby necessarily rendered void, but only voidable."); *Depasquale Bldg. & Realty Co. v. Rhode Island Bd. of Governors for Higher Educ.*, 2009 WL 3328533 (R.I. Super. Ct. June 29, 2009) (allegations of "fraud in the inducement [do] not negate the fact that the parties actually reached an agreement, and, therefore, would not have rendered the contract void as a matter of law, but merely voidable"). *Sabourin ex rel. Sabourin v. LBC, Inc.*,  731 F. Supp. 1151, 1155 (D.R.I. 1990) (where father executed agreement on behalf of son without proper authority, "such agreement is not entirely void, but is voidable only" and may be ratified); *Bowen v. Johnson*,  24 A. 830, 831 (R.I. 1892) (appeal bond executed in principal's name without his authority is voidable, not void, and may be ratified).

16

second category:  they are voidable, not void, and the principal can choose to disavow the contract, or avow it and keep the benefits.[28]  And courts have made clear that challenges to execution of assignments are voidable, not void.  *Kiah v. Aurora Loan Servs., LLC*, 2011 WL 841282, at *6-7 (D. Mass. Mar. 4, 2011) (rejecting argument that assignment was "void" for the reason that the mortgagee's "signing officer, Theodore Schultz, lacked signatory authority at the time of the assignment to Aurora"); *Felder v. Countrywide Home Loans,* 2013 WL 6805843, at *18 (S.D. Tex. Dec. 20, 2013) (even if challenge to "facially valid assignment … based on the signer's alleged lack of authority " were successful, it would merely "render the assignment, like any other unauthorized contract, [ ] not void, but merely voidable at the election of the defrauded principal") (quoting *Reinagel v. Deutsche Bank Nat'l Trust Co.*, 735 F.3d 220, 226 (5th Cir. 2013)); *Halacy v. Wells Fargo Bank, N.A.,* 2013 WL 6152351, at *3 (D. Mass. Nov. 21, 2013) ("multiple federal courts, including in this District, have held that . . . an assignment of a mortgage into a trust in violation of the terms of the PSA is voidable, not void"); *Calef v. Citibank, N.A.*, 2013 WL 653951, at *4 n.4 (D.N.H. Feb. 21, 2013) (a borrower may not "challenge the transfer of a note on grounds that would merely render the transfer voidable (as opposed to void)") (citation omitted); *see also Culhane v. Aurora Loan Servs.*, 708 F.3d  282, 291 (1st Cir. 2013) (addressing inability of mortgagor "to challenge shortcomings" in an assignment's execution that leave the assignment "otherwise effective to pass legal title").

This principle also dooms Plaintiff's claim.  The Assignment he challenges is not a void document if it was not properly executed, but rather merely voidable by BANA or by Fannie Mae.  Neither BANA nor Fannie Mae want to void the Assignment.  To the contrary, both are defendants in this case and state that they wish to be bound by the Assignment.  Plaintiff's

---

[28]     *Ockey v. Lehmer*, 189 P.3d 51, 58 (Utah 2008) ("[A]ctions that exceed the scope of agency are merely voidable, not void, and therefore capable of ratification by the principal.").

challenge fails under Rhode Island law for this reason as well.

### c.      Defendants Ratified The Assignment.

Third, Plaintiff's argument fails because BANA and Fannie Mae, the two parties to the Assignment, have ratified its terms despite the challenge Plaintiff now asserts – another issue *Chhun* never addressed.

Voidable contracts are "capable of ratification by the acts or silence of the beneficiary or beneficiaries." *Doherty v. Bartlett*, 81 F.2d 920, 926 (1st Cir. 1936).  *See also American Airlines, Inc.v. Cardoza-Rodriguez*, 133 F.3d 111, 120 (1st Cir. 1998) ("A voidable contract can, of course, be ratified by subsequent conduct"); *Sabourin*, 731 F. Supp. at 1155 (voidable agreement "may be ratified" by subsequent conduct); *see also Pelletier v. Phoenix Mut. Life Ins. Co.*, 49 R.I. 135, 136 (R.I. 1938) (voidable release may be ratified).  Subsequent ratification by conduct of an unauthorized voidable contract is "to all intents and purposes equivalent to an original authority." *Van Reimsdyk v. Kane*, 28 F. Cas. 1067, 1070 (D.R.I. 1813), *rev'd on other grounds*, 13 U.S. 153 (1815); *see Bowen,* 24 A. at 832 (where voidable contract is ratified by subsequent conduct, beneficiary is "estopped to deny that it was legally executed *at its date*, and valid and binding upon him *from the beginning*") (emphasis added).

Here, BANA assigned the Mortgage to Fannie Mae.  Both are defendants in this case and hereby affirm the Assignment regardless of Plaintiff's allegations about its signing.  The court must therefore reject Plaintiff's challenge to execution of the Assignment, as courts across the country have consistently done when mortgage assignments executed by designated signatories have been challenged. *Yuille v. Am. Home Mortg. Servs., Inc.*, 483 F. App'x 132, 135 (6th Cir. 2012) ("[A]ny defect in the written assignment of the mortgage would make no difference where both parties to the assignment ratified the assignment by their subsequent conduct in honoring its

18

terms.").[29]

> **d.    State Courts Do Not Apply or Establish Precedent On Federal Pleading Standards.**

The Court in *Chhun* stated that it believed plaintiffs' allegation would survive under federal pleading standards (2014 WL 358934, at *2-3).  This Court is not, of course, bound by and should not rely on a state court's interpretation of the federal pleading standard, particularly in dicta after it announced it would "leave … for another day" the question of the appropriate standard.  *Id*. at *3.[30]  That is particularly true in this case, where the state standard is more

---

[29]    *See also Berry v. Main Street Bank*, 2013 WL 5651440, at *5 (E.D. Mich. Oct. 15, 2013) (same); *Feldman v. BAC Home Loans Servicing, LP*, 2013 WL 4516098, at *12 (Cal. Ct. App. Aug. 22, 2013) ("At a minimum, appellant's allegations, together with the judicially-noticed foreclosure documents, showed that MERS conferred authority on the signer (or approved the SOT) by ratifying both the signer's act of signing Sevillano's name and the substitution of trustees after the fact."); *Livonia Property Holdings, L.L.C. v. 12840-12976 Farmington Road Holdings, L.L.C.*, 717 F. Supp. 2d 724, 738 (E.D. Mich. 2010) ("Ratification or adoption, including by complete performance by the parties, also would appear to 'cure' any alleged defects caused by persons executing the contracts without proper authority."), *aff'd*, 399 F. App'x 97 (6th Cir. 2010); *Vawter v. ReconTrust Co., N.A.*, 2012 WL 12784, at *3 (D. Ariz. Jan. 04, 2012) (party that "does not contest [signatory's] actions [] thereby ratifies them"); *BAC Home Loans Servicing, LP v. Fall Oaks Farm, LLC*, 2013 WL 210729, at *3 (S.D. Ohio Jan. 18, 2013) (mortgagors "cannot attack an assignment" that "was effectuated and ratified by subsequent conduct"); *Sigaran v. U.S. Bank N.A.*, 2013 WL 2368336, at *3 (S.D. Tex. May 29, 2013) (rejecting challenge to mortgage assignment; "trustee may bind the trust to an otherwise invalid act or agreement which is outside the scope of the trustee's power when the beneficiary or beneficiaries consent or ratify the trustee's ultra vires act or agreement") *Brown v. Bank of America, N.A.*, 2011 WL 2633150, at *1 (D. Nev. July 5, 2011) ("Plaintiff argues that the employees who signed various documents might not have had authority to do so"; "that Defendants desire to proceed with foreclosure is proof of ratification of these employees' actions.").

[30]    *See Pascoag Reservoir & Dam, LLC v. Rhode Island*, 217 F. Supp. 2d 206, 222-23 (D.R.I. 2002) ("[A] federal court is not bound by a state court's determination on an issue of federal law."), *aff'd*, 337 F.3d 87 (1st Cir. 2003); *Smithfield Concerned Citizens for Fair Zoning v. Town of Smithfield By and Through Rainville*, 719 F. Supp. 75, 80 (D.R.I. 1989) ("[a] state court has no power to bind a federal court with respect to questions of federal law"), *aff'd*, 907 F.2d 239 (1st Cir. 1990).

willing to accept unsupported allegations of fact regardless of their plausibility.[31]  Here, Defendants have shown that (1) the Complaint alleges no facts to overcome the presumption that the Assignment is valid; (2) the Assignment was not void, and Defendants have not voided it; (3) Defendants hereby ratify the Assignment expressly.  Federal courts have consistently found that no claim is stated under Rule 12(b)(6), as interpreted by the Supreme Court in *Twombly*, for all of these reasons.  The same is required here, another case governed by the Federal Rules pleading standards.

### D.       The Security Instruments Are Valid Under Rhode Island Law.

The Complaint next seeks to challenge the validity of the Mortgage and Note.  These arguments go nowhere under Rhode Island law.

#### 1.       *The Mortgage Is Valid In Rhode Island.*

Plaintiff, citing R.I. Gen. Laws § 34-4-11, alleges that the Mortgage is "unsecured." Complaint ¶¶ 59, 62.  This is nonsensical for two reasons.  First, a mortgage is used to secure repayment of the obligations in a note, and so a mortgage cannot be unsecured.  Second, the statute cited does not mention mortgages at all.[32]

#### 2.       *The Mortgage Is Not Void Under the Recording Statute.*

Plaintiff also challenges his Mortgage on the basis that it is "void pursuant to R.I.G.L. 34-

---

[31]    *Chhun*, 2014 WL 358934, at *3 (Rhode Island's pleading standard "more forgiving" than federal standard).

[32]    Section 34-4-11 states "[a] contingent, an executory and a future interest, and a possibility coupled with an interest, in any tenements or hereditaments of any tenure…may be disposed of by legal conveyance or will, but no such disposition shall, by force only of this section, defeat or enlarge an estate tail."  It simply supports the proposition that "absent specific mention of an excepted or reserved right or interest, the conveyance passes all rights, including future interests appertaining to the land."  *Lapre v. Flanders*, 465 A.2d 214, 216 (R.I. 1983).

11-1." Complaint ¶ 61.[33]  R.I. Gen. Laws § 34-11-1 states in relevant part:

> Every conveyance of lands, tenements or hereditament absolutely, by way of mortgage…shall be void unless made in writing duly signed, acknowledged as hereinafter provided, delivered, and recorded in the records of land evidence in the town or city where the lands, tenements or hereditaments are situated; provided, however, that the conveyance, if delivered, as between the parties and their heirs, and as against those taking by gift or devise, or those having notice thereof, *shall be valid and binding though not acknowledged or recorded*.

§ 34-11-1 (2011) (emphasis added).  This amounts to an argument that the mortgage is void because it was not recorded, and it fails for at least two reasons.  For one, the Mortgage *was* recorded.  Mortgage at p. 1 (showing recording book and page stamps in the upper right hand corner).  For another, even were it not, § 34-11-1 states that the mortgage "shall be valid and binding though not acknowledged or recorded" if delivered "as between the parties and their heirs, and as against those taking by gift or devise, or those having notice thereof."  As the Complaint does not allege, for obvious reasons, that Plaintiff had no notice of the Mortgage he executed, it is not void under § 34-11-1. [34]

### 3.    *The Mortgage And the Note Are Not Void Due to Fraud.*

The Complaint next challenges the foreclosure on the basis that the Mortgage and the Note are "void due to fraud."  Complaint ¶¶ 60, 63.  "[W]here a party alleges fraud, he or she must plead these claims with particularity with regard to the circumstances and nature of the fraud."  *Schofield v. U.S. Bank N.A.*, 2012 WL 3011759, at *2 (D.R.I. July 23, 2012) (McConnell, J.) (dismissing claims related to non-judicial foreclosure).[35]  Here, the Complaint

---

[33]    As addressed in Section I.C.1, Plaintiff also unsuccessfully challenges the assignment of the Mortgage under R.I. Gen. Laws § 34-11-1.  Complaint ¶ 17.

[34]    And, as above (*supra* n.17), Plaintiff has no private right of action to enforce § 34-11-1.

[35]    *Hill v. Gonzani*, 638 F.3d 40, 55 (1st Cir. 2011) ("As with all allegations of fraud, a plaintiff must plead the circumstance of the fraud with particularity, pursuant to Rule 9(b)")); *see also Akalarian v. Nation One Mortg. Co., Inc.*, 2013 WL 3971148, at *6 (R.I. Super. July 29,

does not allege why a fraud occurred, how the fraud occurred, when the fraud occurred, or any other details of the supposed fraud.

### E.    Plaintiff's Miscellaneous Allegations Are Meritless.

Finally, the Complaint includes a series of bald, conclusory, and boilerplate allegations that his counsel has made in hundreds of other complaints in this Court, including:

- The assignment "is fatally flawed" under R.I. Gen. Laws § 34-11-24 and "void due to failure of consideration" (Complaint ¶¶ 18, 19);

- "[A]ny foreclosure relative to this property must be done judicially and not by way of advertisement and auction due to failure to exactly follow the letter of the law" (Complaint ¶ 39).

- "The note is current or has been satisfied by another third party" (Complaint ¶ 42); and

- "The securitized trust is never identified" and the "Defendant Trustee does not have the right to control assets of the trust" (Complaint ¶¶ 51, 56).

The Complaint does not plead any specific facts to support or explain these threadbare allegations.[36]  Under the Federal Rules these unadorned legal assertions do not preclude dismissal because courts shall "give *no weight* to 'bald assertions, unsupportable conclusions, and opprobrious epithets.'"  *Arruda v. Sears, Roebuck & Co.*, 310 F.3d 13, 18 (1st Cir. 2002) (affirming dismissal of allegations that redemption agreements were efforts to collect discharged debts) (emphasis added); *see also Natal v. Christian and Missionary Alliance*, 878 F.2d 1575,

---

2013) (fraud claim in foreclosure suit "not viable"; "Plaintiff failed to properly allege the essential elements of fraud – that an intentional misrepresentation was made by Defendants, which misrepresentation she relied on, causing her damage" and "Plaintiff's Complaint fails to allege fraud with the particularity required by R.I. [Super.] R. Civ. P. 9(b).").

[36]     In  fact, the attorney who drafted and filed this Complaint, George Babcock, was sanctioned by the Rhode Island Superior Court for making similar allegations in pleadings without having conducted a reasonable inquiry into their truth.  *See* Transcript of Proceedings, *O'Brien v. Mortg. Elec. Registration Sys., Inc.*, No. KC/2011-0972, at 12-13, 27-29 (R.I. Super. Ct. Sept. 17, 2013) (Exhibit K hereto).  Moreover, George Babcock was also sanctioned by this Court for "fil[ing] factually inaccurate pleadings with this Court."  Order on Motion for Reconsideration, No. 11-mc-88-M, at 4 (D.R.I. Nov. 21, 2013) (ECF No. 2276).

1578 (1st Cir. 1989) ("vague averment" that defendant asked plaintiff "to evict the building,

causing losses to the business and mental anguish to her" cannot support claim; "[e]mpty

generalities will not suffice … [t]o permit Padilla to drag CMA over the pleading threshold by

virtue of so grazing an impingence as the single oblique reference contained in the instant

complaint would open floodgates best kept shut"); *Dartmouth Review v. Dartmouth College*, 889

F. 2d 13, 16 (1st Cir. 1989) (affirming dismissal because, in presenting their allegations,

"plaintiffs must point, if not to fire, at least to some still-warm embers; 'smoke alone is not

enough to force the defendants to a trial.'"); *Resolution Trust Corp. v. Driscoll,* 985 F.2d 44, 48

(1st Cir. 1993) ("one conclusory sentence" regarding claim that defendant assumed debt

obligation was insufficient to avoid dismissal where nothing "remotely suggests the factual basis

for this claim"; "[f]actual allegations in a complaint are assumed to be true when a court is

passing upon a motion to dismiss, but this tolerance does not extend to legal conclusion, or to

bald assertions.") (internal citations omitted).[37]

---

[37]     Plaintiff's allegations fail to state a claim in any event.  Plaintiff alleges that "[t]he 'Assignment' is fatally flawed in its execution and effect by virtue of the fact that is [*sic*] was not assigned by the mortgagee acting as agent of the noteholder as required by General Laws of Rhode Island at §34-11-24." (Complaint ¶ 18).  But, Section 34-11-24 merely provides that an assignment of mortgage transfers all powers of the mortgagee to the assignee.  *Kosiba v. Mortg. Elec. Registration Sys., Inc.*, 2012 R.I. Super. LEXIS 98, at *14-15 (R.I. Super. Ct. June 25, 2012) ("assignee steps into the shoes of the assignor and can avail itself of the assignor's rights.").  The section prescribes only the *legal effect* of a valid mortgage assignment, and not *what* makes an assignment valid or *who* is a valid assignor.

    Plaintiff's averment that "[t]he assignment from Bank of America to FNMA is void due to failure of consideration" (Complaint ¶ 19) is an affirmative *defense* to the *enforceability* of a contract.  Fed. R. Civ. P. 8(c); *see also* 2-5 Corbin on Contracts § 5.20.  As Plaintiff is not a party to the assignment, he has no rights under it and cannot offensively assert a failure of consideration to void that contract.

     The Complaint alleges that the foreclosure of this Property "must be done judicially[.]" (Complaint ¶ 39).  In Rhode Island, judicial foreclosure is only used at the *lender's* option, where the mortgage contract contains no power of sale clause.  *See* R.I. Gen. Laws §§ 34-27-1 *et seq.*, 34-11-22 (codifying statutory power of sale); *see also Hoecke*, 2013 WL 1088825, at *4-5 (loan

## II.   THE COURT SHOULD ALSO DISMISS THE COMPLAINT BECAUSE PLAINTIFF FAILED TO ALLEGE TENDER OR OFFER OF TENDER.

Independently, Rhode Island's tender rule requires that the Court dismiss the Complaint.

Because interference with a statutorily-mandated foreclosure proceeding is equitable in nature, a borrower may not seek to challenge foreclosure proceedings if he has "made no tender or offer of payment" of amounts due under the loan. *Hanley v. Brayton*, 17 A.2d 857, 860 (R.I.

---

servicer may conduct non-judicial foreclosure sale).

Regarding Plaintiff's allegation that the note is current or has been satisfied (Complaint ¶ 42), see Section II *infra*.

Plaintiff alleges that "Defendant Trustee does not have the right to control assets of the trust." (Complaint ¶ 56). But, this allegation is irrelevant to foreclosure, and no trust is alleged.

Finally, the various allegations concerning securitization (Complaint ¶¶ 50-58) and that the note is satisfied and unenforceable due to IRS tax credits (*id.* ¶¶ 65-68) are the same as claiming that Defendants did not hold the Note. As demonstrated in Section I.B.2 above, Fannie Mae, as BANA's assignee, was entitled to foreclose the Mortgage in its capacity as mortgagee. Neither the identity of the noteholder nor speculation over securitization is relevant to the validity of foreclosure proceedings. *See supra* note 14; *Bucci*, 68 A.3d at 1081 (MERS can foreclose in its capacity as mortgagee); *In re Mortg. Foreclosure Cases*, 2013 WL 4735638, at *2 n. 4 (MERS can validly assign its interest as mortgagee), *Scarcello v. Mortg. Elec. Registration Sys., Inc.*, 2012 R.I. Super. LEXIS 103, at *12 (R.I. Super. Ct. June 26, 2012) ("[t]he identity of the note holder is irrelevant as it is well established under current Rhode Island law that MERS and the assignees of MERS, in this case Aurora, act as nominee of the current note holder."). Courts have routinely rejected securitization-based challenges to authority to enforce a debt. *See, e.g., Horvath v. Bank of N.Y.*, 641 F. 3d 617, 620-25 (4th Cir. 2011); *Wells Fargo Bank, N.A. v. Wasserman*, 893 F. Supp. 2d 310, 316 (D.R.I. Sept. 28, 2012); *U.S. Bank N.A. v. Crutch*, 2012 WL 1605595, at *2 (E.D.N.Y. May 8, 2012). This holds true in Rhode Island, where negotiable instruments such as mortgage notes are likewise freely assignable without affecting the power of the mortgage to foreclose. *See* R.I. Gen. Laws § 6A-3-205 (governing indorsements); *Bucci*, 68 A.3d at 1076-77 (affirming ruling that mortgage note is a negotiable instrument); *Westerly Hospital v. Higgins*, 106 R.I. 155 (1969) (discussing transferability of note). There is simply no support under Rhode Island law for Plaintiff's contention that securitization renders a mortgage note unenforceable. And Plaintiff lacks standing to challenge securitization because they were not a party to the relevant pooling and servicing agreement nor a third-party beneficiary of the agreement. *Fryzel v. Mortg. Elec. Registration Sys., Inc.*, No. 10-352-M, 2011 WL 9210454, *9 (D.R.I. June 10, 2011), *aff'd*, 2013 WL 2896794 (1st Cir. June 14, 2013) ("[I]t is undisputed that Plaintiffs are not parties to the . . . PSA. Thus, Plaintiffs do not have standing to assert legal rights based on these documents.") (citing cases).

24

1941).  Here, Plaintiff seeks to challenge foreclosure proceedings, but he does not offer to pay

any amounts due, nor assert that he is even able to make such payments.  He is therefore "hardly

in a position to ask for equity."  *Id.*; *see McQuiddy v. Ware*, 87 U.S. 14, 19 (1873) ("he who

seeks equity must do equity"); *accord Homeyer v. Bank of America, N.A.*, 2012 WL 4105132, at

*6 (D. Idaho Aug. 27, 2012) ("The tender rule has been applied in quiet title suits seeking

equitable relief for almost 100 years.").[38]

Plaintiff vaguely asserts that "[t]he note is current or has been satisfied by another third

party" (Complaint ¶ 42), but that rote assertion does not forestall dismissal for two reasons.

First, the Complaint does not provide any factual basis or documentation to show that Plaintiff

made regular payments when due on the loan, or to show what "third party" satisfied the loan or

when it was satisfied – information that would be uniquely within Plaintiff's knowledge.  And

the Court should also disregard the allegation because it is implausible:  as shown above,

Plaintiff was sent a notice of default informing him that he was in default in loan payments, and

could cure the deficiency – yet he took no action and the property was sold at foreclosure.

Courts have rejected similarly-vague and similarly-implausible assertions in these circumstances,

and the same result is required here.  *Cosajay v. MERS*, 2011 U.S. Dist. LEXIS 151361, at *42-

43 (D.R.I. June 23, 2011) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) ("With

respect to Plaintiff's speculation … that her loan has been paid in full, factual allegations must be

---

[38]     *See also Schuck v. Fed. Nat'l Mortg. Ass'n*,  2011 WL 2580552, at *2 (E.D. Cal. June 28,
2011) (a plaintiff may not challenge foreclosure proceedings "without pleading tender or the
ability to offer tender"); *Pimentel v. Countrywide Home Loans, Inc.*, 2011 WL 2619093, at *2
(D. Nev. July 1, 2011) (denying temporary restraining order; borrower in default); *White v. BAC
Home Loans Servicing, LP,* 2010 WL 4352711, at *5 (N.D. Tex. Nov. 2, 2010) ("to the extent
[plaintiff] seeks equitable relief to avoid foreclosure, he cannot state a claim for such relief
because he has not tendered the amount due on the loan"); *Cagle v. Carlson*, 705 P.2d 1343,
1345 (Ariz. Ct. App. 1985) (tender is "a condition precedent" to challenging foreclosure
proceedings because the borrower "is both legally and morally indebted" to the lender under the
parties' loan contract).

enough to raise a right to relief above a speculative level").[39]

Because Plaintiff has not tendered the disputed amounts at issue, nor properly alleged that he has done so, has offered to do so, or is able to do so, Rhode Island law bars Plaintiff from challenging the foreclosure proceeding.  This provides another ground for dismissal.

## III.   THE COURT SHOULD DISMISS THE COMPLAINT BECAUSE IT FAILS TO STATE A COGNIZABLE CLAIM FOR RELIEF UNDER RHODE ISLAND LAW.

Finally, the Court can and should dismiss the Complaint because none of the causes of action states a cognizable claim for relief under Rhode Island law.

Count I, captioned "Declaratory Judgment," seeks a declaration that "Blais owns the subject property" and that any "foreclosure sale be voided."  Complaint ¶¶ 73-74; *see also id.* ¶¶ 40-41.  The Declaratory Judgment Act (28 U.S.C. § 2201) provides only a *remedy*, however, not a substantive cause of action, *Buck v. American Airlines, Inc.*, 476 F.3d 29, 33 (1st Cir. 2007), and Count I must therefore be dismissed for this reason alone.  In addition, declaratory relief is derivative and is not available if the plaintiff lacks a valid claim against the defendant.[40]  As shown above, the foreclosure proceedings complied fully with Rhode Island law, and so the request for a declaration in Count I fails along with Plaintiff's substantive claims.

Likewise, Count II seeking to quiet title in Plaintiff's favor also fails to state a cognizable claim.  Complaint ¶¶ 75-79.  As demonstrated above, Rhode Island law and the loan documents Plaintiff executed authorize the foreclosure proceedings that occurred after his default, and the

---

[39]    *See also Scarcello*, 2012 R.I. Super. LEXIS 103, at *10-11 (conclusory allegations insufficient to raise right to relief above speculative level); *Jimenez v. People's Choice Home Loan, Inc.*, 2012 R.I. Super. LEXIS 107 (R.I. Super. Ct. July 10, 2012) (same); *Schayes v. Orion Financial Group, Inc.*, 2011 WL 3156303, at *4 (D. Ariz. July 27, 2011) ("Speculation [that the note was satisfied] is not enough … especially naked speculation of this variety").

[40]    *Meyer v. City of Newport*, 844 A.2d 148, 151 (R.I. 2004); *Harritos v. Cambio*, 1996 WL 936906, at *7 (R.I. Super. Ct. Mar. 13, 1996), *aff'd*, 683 A.2d 359 (R.I. 1996).

Complaint asserts no valid legal basis to challenge the foreclosure proceedings, so there is no ground on which to quiet title in favor of Plaintiff.[41]  Moreover, quiet title actions only lie when the plaintiff's title is superior to the defendant's; they cannot be used merely to challenge a defendant's claim to title, as Plaintiff here is attempting to do.[42]  Dismissal of Count II is required for this reason as well.[43]

---

[41]   *Ingram v. Mortg. Elec. Registration Sys.,* 2012 R.I. Super. LEXIS 77, at *9-12 (R.I. Super. Ct. May 17, 2012) (plaintiff had no claim to quiet title in case where assignee via MERS held record title); *Noury v. Deutsche Bank Nat'l Trust Co.,* 2012 R.I. Super. LEXIS 74, at *9-11 (R.I. Super. Ct. May 7, 2012) (same); *see also Estrella v. Mortg. Elec. Registration Sys.*, 2012 R.I. Super. LEXIS 108, at *6-7 (R.I. Super. Ct. Jul. 10, 2012) (no claim to quiet title absent demonstration by plaintiff of legal right to rescission of foreclosure sale); *Rosano v. MERS*, 2012 R.I. Super. LEXIS 95, at *16-18 (R.I. Super. Ct. June 19. 2012) (same).

[42]   *O'Brien*, 2012 R.I. Super. LEXIS 84, at *21 (citing *Franklin v. Laughlin*, 2011 WL 598489, at *26 (W.D. Tex. Jan 13, 2011)) (in quiet title action, burden of proof rests with plaintiff to prove good title in himself); *Noury*, 2012 R.I. Super. LEXIS 74, at *11 (same); *see also* 65 Am. Jur. 2d Quieting Title §§ 63 ("[A] person who has no estate or interest in, or lien or encumbrance upon, the real property may not maintain an action to determine adverse claims to it."), 72 (plaintiff's burden of proof in quiet title action "is not satisfied merely by pointing to a weakness in, or challenging, the defendant's title").

[43]   The Complaint (¶ 6(a)) refers to "loss of state property rights" under 42 U.S.C. § 1983, but no claim is stated because non-judicial foreclosures do not involve state action.  *Van Daam v. Chrysler First Fin. Serv. Corp. of R.I.*, 1990 WL 151385, at *2 (1st Cir. Sept. 28, 1990); *Grapentine v. Pawtucket Credit Union*, 950 F. Supp. 2d 352, 353 (D.R.I. 2013) (McConnell, J.).

## <u>CONCLUSION</u>

For these reasons, Defendants Bank of America, N.A. and Federal National Mortgage Association respectfully request that the Court grant this Motion and dismiss all claims against them in the Complaint with prejudice.

Respectfully submitted,


/s/ Harris K. Weiner
Harris K. Weiner (#3779)
Salter McGowan Sylvia & Leonard, Inc.
321 South Main Street, Suite 301
Providence, RI  02903
Office:  401-274-0300
Fax:  401-453-0073
hweiner@smsllaw.com

*Attorneys for Defendants Bank of America,*
*N.A. and Federal National Mortgage*
*Association*


Dated:  February 10, 2014

## <u>CERTIFICATE OF SERVICE</u>

I, Harris K. Weiner, hereby certify that on February 10, 2014, a copy of the foregoing document, filed through the CM/ECF system, will be sent electronically to counsel of record.


/s/ Harris K. Weiner
Harris K. Weiner